UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VIRGINIA HUSSEY,<br><br>    Plaintiff<br><br>v.<br><br>EAST COAST SLURRY CO., LLC;<br>INTERNATIONAL UNION OF<br>OPERATING ENGINEERS, LOCAL 4;<br>AND HOISTING AND PORTABLE<br>ENGINEERS APPRENTICESHIP &<br>TRAINING PROGRAM,<br><br>    Defendants. | DOCKET NO: 1:20−CV−11511−MPK |

**THE PLAINTIFF'S OPPOSITION TO THE DEFENDANTS
INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL 4; AND HOISTING AND PORTABLE
ENGINEERS APPRENTICESHIP & TRAINING PROGRAM'S
MOTION TO AMEND THEIR ANSWERS**

       The defendants International Union of Operating Engineers Local 4 ("Union" or "Local 4") and the Hoisting and Portable Engineers Apprenticeship & Training Program ("School") have moved to amend their answers to the Amended Complaint in order to add an affirmative defense for the plaintiff's alleged failure to obtain a Right to Sue Letter from the Equal Employment Opportunity Commission ("EEOC"), and therefore she did not exhaust her administrative remedies.

       However, the EEOC issued the Right to Sue Letter on October 23, 2020 (attached as Exhibit 1). It appears from the letter itself that it was mailed to the plaintiff who did not send it to her counsel. (see attached Affidavit Exhibit 2).

       Because the EEOC did issue a Right to Sue letter, the defendants' Motion to Amend their answers is unnecessary and futile and should be denied.

As will be discussed below, a Right to Sue Letter either issued by the EEOC or received by a plaintiff after suit was filed cures any requirement to obtain the letter prior to suit being filed.

The denial of the defendants' motions will cause them no prejudice particularly since this lawsuit was filed on August 12, 2020 and has been fully litigated and discovered. The defendants were heard on their Motions to Dismiss which were filed on October 13, 2020. Their motions did not address any issues with regard to the Right to Sue letter. The motions were dismissed on January 4, 2021 and the plaintiff was given leave to file a motion to file an Amended Complaint. The defendants again made no argument with regard to exhaustion or a Right to Sue letter. The defendants filed Motions for Summary Judgment on November 9, 2021 again making no argument with regard to a Right to Sue letter from the EEOC, and pursuant to the court's scheduling order, the time for the filing of a Motion for Leave to File an Amended Complaint expired on February 1, 2021 (Docket No. 29).

This case was scheduled for trial on November 8, 2022. It was rescheduled by the Court to March, 2023.

The plaintiff filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination ("MCAD") on April 13, 2020 with claims against all of the defendants in this lawsuit. Pursuant to a work sharing agreement between the MCAD and the EEOC the Charge was contemporaneously filed with the EEOC. On August 3, 2020, the plaintiff requested that the matter at the MCAD be withdrawn in order to file a private civil action. The MCAD issued its dismissal on August 14, 2020.

(Attached as Exhibit 3)  As discussed, the EEOC issued its Right to Sue letter on October 23, 2020.

The First Circuit has repeatedly held that "a federal court will not entertain employment discrimination claims brought under Title VII unless administrative remedies have first been exhausted." Ngomba v. Olee, Civil Action No, 18-CV-11352-MPK, 2019 U.S. Dist. LEXIS 38182, 2019WL1119588 (D. Mass. March 11, 2019) (quoting Rodriguez v. United States, 852 F.3d 67, 78 (1st Cir, 2017). It also held that "while the Right to Sue letter requirement remains it is simply a precondition to bring suit, not a jurisdictional bar, and thus can be waived by the parties or the court." Martinez-Rivera v. Commonwealth of P.R., 812 F.3d 69, 78 (1st Cir. 2016).  Courts have held that a subsequent receipt of a "Right to Sue" letter cures any deficiency with an earlier pre-letter filing.  See, e.g., Pinkard v. Pullman-Standard, a Div. of Pullman, Inc., 678 F.2d 1211, 1218 (5th Cir.) 1982.  Thus, where a defendant moves to dismiss a plaintiff's Title VII action for failure to exhaust administrative remedies because the plaintiff did not receive a right to sue letter before filing suit, the court should not dismiss the claim if after filing the complaint but before dismissal the plaintiff received the corresponding Right to Sue letter from the EEOC.  Firth v. Whole Foods Mkt., Inc., U.S. District Court for the District of Massachusetts, Civil Action No. 20-CV-11358-ADB, 517 F.Supp. 3rd 60 at 69 (2021), quoting Pinkard.

The plaintiff timely filed the Charge of Discrimination with the MCAD and the EEOC.  42 U.S.C. § 2000e-5(f)(3) sets forth  the conditions precedent to bringing suit among which are filing a timely charge with the EEOC and receiving an EEOC Right to Sue letter.  The Supreme Court held that the timely charge requirement is mandatory but

not jurisdictional. See Zipes v. Transworld Airlines, Inc., 455 U.S. 385, 393, 394, 102 S.Ct. 1127 (1982). "The timeliness requirement is subject to waiver, estoppel and tolling when equity requires. . . . While the Right to Sue letter requirement remains, it is simply a 'precondition to bringing' suit not a jurisdiction bar and thus can be waived by the parties or the court." Martinez-Rivera v. Commonwealth of P.R., 812 F.3d at 78 (1st Cir. 2016).

In a case where a Right to Sue letter from the Department of Justice was required prior to filing suit, the District Court of Rhode Island said in Nuey v. City of Cranston, F24, F. Supp 3D 1 n. 6 (2021) "that [the plaintiff] did not have it [a right to sue letter from the DOJ] before filing in the federal court, the action was 'curable' at least where the defendant suffered no prejudice."

In Robertson v. Barber Foods, LLC, Maine Dist. Ct. 2020 U.S, District LEXIS 102437, n. 5 (2020) the failure to receive a Right to Sue letter "can be corrected after the action has commenced provided the plaintiff properly takes measures to cure the defect." The plaintiff must exhaust his administrative remedies including all EEOC procedures before proceeding under Title VII in federal court. Frederique-Alexandre v. Dep't. of Natural and Envtl. Res. PR, 478 F3d 433, 440 (1st Cir. 2007); LeBron-Rios v. U.S. Marshall Service, 341 F.3d 7, 13 (1st Cir. 2003). The exhaustion requirement is not a jurisdictional prerequisite, but rather is subject to waiver, estoppel and equitable tolling, Frederique-Alexandre at 440. The failure to obtain a Right to Sue letter prior to commencement of a suit is a curable defect. A Title VII complainant may file an action prior to receiving a Right to Sue letter providing there is no evidence showing that the premature filing precluded the EEOC from performing its administrative duties or that

4

the defendant was prejudiced by such filling.  Edwards v. Oxidental Chem. Corp., 892 F.2d 1442, 1445, n. 1 (9th Cir. 1990).  See also Kane v. State of Iowa Department of Human Services, 955 F.Supp. 1117, 117 (N.D. Iowa 1997), holding that no refiling or amendment of the complaint to state the receipt of the Right to Sue letter was required; mere receipt of the letter is sufficient to cure the defect.

If there is any argument that the plaintiff did not file suit within 90 days of the receipt of the Right to Sue letter,  the suit was filed before the receipt of the Right to Sue letter, therefore, the 90-day requirement is irrelevant.

There is no prejudice to the defendants as they had multiple opportunities to argue this issue prior to now on the eve of trial.  In her original complaint filed August 12, 2020, the plaintiff alleged that she had exhausted her administrative remedies with the MCAD and as discussed,  her Charge of Discrimination was contemporaneously filed with the EEOC (MCAD Docket No. 20-BEM-01255, EEOC/HUD Charge No. 16C-2020-01595).

In summary, the EEOC issued a Right to Sue letter and it existed whether or not it was in the possession of plaintiff's counsel.  Therefore, the plaintiff has exhausted her administrative remedies pursuant to her Title VII claims and the defendants' Motions to Amend their answers are futile.

In making an exception to a Rule 8(c) waiver,  that defendants are required to state their affirmative defenses in their answer and the court considers whether there exists undue delay or bad faith on the part of the moving party, prejudice to the non-moving party or if the amendment is itself futile.  Massachusetts Asset Finance Corp. v. M.B. Evaluation Services, Inc., 248 F.R.D. 359, 361 (D. Mass 2008).  The defendants'

requested amendments to their answers are futile since the Right to Sue letter was issued and it would certainly prejudice the plaintiff as the administrative exhaustion requirements have been met in all respects.

WHEREFORE, the plaintiff respectfully requests that the motions be denied.

### RULE 7.1 CERTIFICATE

On November 16, 2022, the undersigned counsel sent the Right to Sue letter from the EEOC to defendants' counsel asking whether as a result of the receipt of this letter they would withdraw the Motions to Amend the Complaint. The defendants responded in the negative on November 17, 2022.

Respectfully submitted:

**PLAINTIFF, VIRGINIA HUSSEY**
By her attorneys:

*/s/ Bradford N. Louison*
Bradford N. Louison (BBO#305755)
blouison@lccplaw.com
*/s/ Douglas I. Louison*
Douglas I. Louison (BBO#545191)
dlouison@lccplaw.com
Louison, Costello, Condon & Pfaff, LLP
101 Summer Street
Boston, MA 02110
(617) 439-0305

Dated: November 18, 2022

## CERTIFICATE OF SERVICE

I, Bradford N. Louison, hereby certify that on the 18th day of November, 2022, the foregoing document was served electronically to counsel of record by ECF.

*/s/ Bradford N. Louison*

Bradford N. Louison