UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO: 1:20−CV−11511−MPK

VIRGINIA HUSSEY,
    Plaintiff,

v.

EAST COAST SLURRY CO., LLC;
INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 4; and HOISTING
AND PORTABLE ENGINEERS
APPRENTICESHIP & TRAINING
PROGRAM aka HOISTING AND
PORTABLE ENGINEERS
APPRENTICESHIP & TRAINING FUND, aka
HOISTING AND PORTABLE ENGINEERS
APPRENTICESHIP & TRAINING CENTER,
    Defendants.

## MOTION IN LIMINE TO PRECLUDE REFERENCE TO
## PLAINTIFF'S PRIOR ILLEGAL DRUG USE, ADDICTION OR REHABILITATION

NOW COMES the plaintiff, Virginia Hussey ("Hussey"), and requests this Court preclude any reference to, or testimonial or documentary evidence pertaining to any history of illegal drug use, addiction, or treatment geared toward the management of drug addiction and/or cravings. As grounds therefor, Hussey states the following:

Hussey anticipates that Defendants may attempt to elicit testimony or introduce evidence regarding Hussey's prior illegal drug use and treatment for same. This case is about repeated sexual harassment to which Hussey was subjected while working in her role as an apprentice, union member, and employee of the defendants Hoisting and Portable Engineers Apprenticeship & Training Program, International Union of Operating Engineers, Local 4, and East Coast Slurry Co., LLC. Hussey's prior drug use, addiction and/or treatment for addiction were mentioned

throughout her medical records, raised during several depositions (those of Michael Bowes, Matt Gilman and Virginia Hussey, e.g.), and referenced on Hussey's personal Facebook page. Hussey participated in drug testing for work and was cleared without issue or incident, and no connection has ever been drawn between any history of drug use and Hussey's termination. While Hussey has never hid her prior history with or treatment for substance abuse, any reference to this history should be precluded at trial to avoid prejudice as a result of juror biases on these issues. There is also no admissible evidence pertaining to any criminal conviction related to drug use and/or addiction. Therefore, any argument, references and/or evidence relating to her prior drug use, or to her prior or current enrollment in any treatment programs aimed at managing and treating addiction, would be irrelevant to any of the issues central to this case and highly prejudicial to Hussey. *See* Fed. R. Evid. 401, 402 and 403.

Whether presented by direct examination of Defendants' witnesses or cross-examination of Hussey or her witnesses, this testimony is improper and should be excluded. All documentary evidence containing references to these issues should, if admissible for other purposes, be redacted.

**WHEREFORE,** the plaintiff, Virginia Hussey, respectfully requests the Court preclude any evidence and/or references at trial to Hussey's prior drug use, addiction, or rehabilitation.

Respectfully submitted,

PLAINTIFF,
Virginia Hussey,

By her attorney,

/s/ Alexandra M. Gill
Douglas I. Louison (BBO# 545191)
dlouison@lccplaw.com
Alexandra M. Gill (BBO# 663040)
sgill@lccplaw.com
Louison, Costello, Condon & Pfaff, LLP
Ten Post Office Square, Suite 1330
Boston, MA 02109
(617) 439-0305

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served electronically to counsel of record by ECF on this date.

/s/ Alexandra M. Gill
Alexandra M. Gill

Dated: January 30, 2023