UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO: 1:20−CV−11511−MPK

VIRGINIA HUSSEY,
      Plaintiff,

v.

EAST COAST SLURRY CO., LLC; INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 4; and HOISTING AND PORTABLE ENGINEERS APPRENTICESHIP & TRAINING PROGRAM aka HOISTING AND PORTABLE ENGINEERS APPRENTICESHIP & TRAINING FUND, aka HOISTING AND PORTABLE ENGINEERS APPRENTICESHIP & TRAINING CENTER,
      Defendants.

**MOTION IN LIMINE TO PRECLUDE REFERENCE TO
ISSUES RELATING TO CHILD CUSTODY**

NOW COMES the plaintiff, Virginia Hussey ("Hussey"), and hereby requests this Court issue an Order precluding the defendants, East Coast Slurry Co., LLC; International Union of Operating Engineers, Local 4; and Hoisting and Portable Engineers Apprenticeship & Training Program (collectively, "Defendants"), from referencing or offering into evidence any reference to Hussey's child custody arrangements or any loss of child custody by Hussey. As grounds therefor, Hussey states the following:

Hussey's claims relate to sexual harassment and retaliation to which she was subjected by the Defendants during her employment, membership and/or apprenticeship with them. While the

issue of child custody (or loss of child custody) has not been referenced openly during this litigation, Hussey's medical records from Brockton Veteran Affairs Medical Center include references to child custody, including the loss of child custody by Hussey.

Evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Here, where this dispute centers around Hussey's employment and incidents related to her work, membership and/or apprenticeship with the Defendants, Hussey's status as custodian of her child at any point in time is irrelevant. Even if evidence of this nature did have some negligible relevance, it should still be precluded because its probative value is heavily outweighed by the "danger of . . . unfair prejudice." Fed. R. Evid. 403. Ingrained societal beliefs about mothers who lose custody of their children may cause jurors who learn this information to draw unwarranted, negative inferences about Hussey.

WHEREFORE, given the irrelevant and highly prejudicial effect of any reference to the history of custody of her child, the plaintiff, Virginia Hussey, respectfully requests that this Court **GRANT** this motion and order that any references to this issue be precluded at trial, and that, to the extent any records offered into evidence contain references to Hussey's child custody history, such references be redacted.

Respectfully submitted,

PLAINTIFF,
Virginia Hussey,

By her attorneys,

/s/ Alexandra M. Gill
Douglas I. Louison (BBO# 545191)
dlouison@lccplaw.com
Alexandra M. Gill (BBO# 663040)
sgill@lccplaw.com
Louison, Costello, Condon & Pfaff, LLP
Ten Post Office Square, Suite 1330
Boston, MA 02109
(617) 439-0305

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served electronically to counsel of record by ECF on this date.

/s/ Alexandra M. Gill
Alexandra M. Gill

Dated: January 30, 2023