UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VIRGINIA HUSSEY,<br><br>    Plaintiff<br><br>v.<br><br>EAST COAST SLURRY CO., LLC; INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 4; HOISTING AND PORTABLE ENGINEERS APPRENTICESHIP & TRAINING PROGRAM, and SUFFOLK CONSTRUCTION COMPANY, INC.,<br><br>    Defendants. | DOCKET NO: 1:20−CV−11511−MPK |

**DEFENDANTS IUOE LOCAL 4 AND APPRENTICESHIP PROGRAM'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE CERTAIN EVIDENCE**

    I.    <u>Introduction</u>

Plaintiff Virginia Hussey has filed two related motions *in limine* seeking: (1) to preclude evidence at trial "pertaining to any history of illegal drug use, addiction, or treatment geared toward the management of drug addiction and/or cravings" (Doc. 118) and (2) to preclude "any reference to Hussey's child custody arrangements or any loss of child custody by Hussey" (Doc. 119). Because this evidence directly relates to both liability and damages, the motions must be denied.

    II.    <u>The motion should be denied because it is the Plaintiff who put her emotional condition at issue in the case</u>

Ms. Hussey was expelled from an apprenticeship program because she failed to obtain a state license necessary to continue in the Program. Her employment terminated as a result of her

dismissal from the Program. Ms. Hussey seeks to prove at trial that she was sexually harassed on the job, and that her termination from the program and employment were retaliatory.

When the case began Plaintiff was claiming $500,000 in emotional distress damages at trial. Initial Discl. (Feb. 8, 2021), pg. 3 (Ex. A). However, given that the Plaintiff now claims $5 million in damages in her Answers to Interrogatories (Oct. 21, 2021), pg. 16 (Ex. B), and given that her "expert" estimates between $556.373 and $1,467,086 in economic losses, Doc. 88-2, pg. 9,[1] if one subtracts the claimed economic damages from the total damages, this leaves a residual of approximately $3.5 million to $4.5 million in presumptively sought emotional distress damages. Defendants are entitled to proffer evidence regarding the true source of her emotional distress, as well as to rebut her claims that she was emotionally distressed by the Defendants, particularly given her million-dollar assertions.

Evidence of her drug use and child custody are both clearly relevant to her substantial claims for emotional distress. "The case law is clear that once a plaintiff makes claims of emotional distress, the defendant is allowed to explore any alternative or contributing causes to that emotional distress. In short, a plaintiff seeking damages for emotional distress essentially 'opens the door' to intense scrutiny of his psychological status and history." Kakeh v. United Plan. Org., Inc., 587 F. Supp. 2d 125, 128 (D.D.C. 2008); see also Gates v. Rivera, 993 F.2d 697, 700 (9th Cir. 1993) (admission of evidence of drug addiction was not unduly prejudicial to rebut a claim of the plaintiff's emotional distress damages); EEOC v. Kim & Ted, Inc., 1996 WL 26871, at *3 (N.D. Ill. Jan. 22, 1996) (plaintiff's drug use relevant to emotional distress claim).

---

[1] The expert reports are under challenge in pending Motions *in Limine* filed by all defendants (Docs. 88 and 96.)

Plaintiff herself is seeking to introduce at trial hundreds of pages of her medical and psychological records. Doc. 95, pg. 28; see also Doc. 101 (Employer's Motion *In Limine* to exclude medical records). The records reflect discussions with her providers concerning prior drug use (described by her provider as one of her "vulnerabilities"), current prescriptions for Suboxone (used to combat drug cravings), and child custody issues. There are also discussions concerning events in this case. If the Court were to allow evidence of her emotional distress from the workplace while disallowing evidence of the other emotional stressors in Plaintiff's life, the jury would be presented with a misleading picture, which would be highly prejudicial to the Defendants. Belvin v. Electchester Mgmt., LLC, No. 17CV6303NGGMMH, 2022 WL 10586743, at *2 (E.D.N.Y. Oct. 18, 2022) ("diagnoses and symptoms predating the relevant conduct may show the jury that some or all of Mayers's emotional distress was caused by factors other than EML's conduct").

III.    <u>Because Plaintiff claims that emotional distress caused her to fail to timely take, and to study for, her licensing exams, the evidence relates to liability as well</u>

This evidence is also probative as to the defendants' alleged liability. Ms. Hussey was dropped from the apprenticeship program because she failed to pass the state 4B licensing exam. Indeed, at first, she even failed to sign up for it on time. She admits as much in her Amended Complaint but attributes her failure to "the constant harassment she was facing." Am. Compl, Doc. 27, ¶ 51. She did take the exam eventually, failing twice after never studying, but alleges that she failed the licensing exam due to the "stress from the continued sexual harassment." Doc. 65, pg. 5; see also Doc. 95, Plaintiff's Pre-Trial Statement, pg. 3. ("Then as a result of the harassing conduct she was unable to concentrate and study properly for the necessary licensing tests…")

It is therefore Ms. Hussey's own contention that emotional distress purportedly caused by the defendants caused her to fail her apprenticeship requirements. Therefore, of concomitant probative value is evidence of other significant issues unfolding in her life and that just as likely distracted her attention from the program requirements. This includes all of the issues for which she sought and received counseling. It also includes family disputes.

As one specific example, on January 25, 2019, Ms. Hussey filed a contempt motion in Middlesex Probate and Family Court, alleging that the father of her child had violated a court order to pay child support. Ex. C (records obtained from online court docket; records have been redacted for court filing). That matter remained pending until April 29, 2019, when it was resolved by stipulation and an agreement by the father to pay almost $5,000 in overdue payments. This episode, unfolding at the time of the alleged harassment, is clearly probative as to what else in her life, other than workplace issues, might have caused emotional distress and personal distraction. In effect, the Plaintiff seeks, through these motions, the ability to tell the jury that she failed the exams because of stress allegedly caused by the Defendants, while hiding from the jury other stressful issues. That false portrait would, of course, be highly prejudicial to the Defendants.

IV.     Conclusion

It is the Plaintiff who has put her emotional state at issue in this case, both in terms of liability and damages. It is improper for Plaintiff to now be allowed to cherry-pick which evidence of her emotional distress the jury will hear. The motions *in limine* should be denied.

                                        Respectfully submitted,

<table>
<tr><td>Dated: February 2, 2023</td><td>HOISTING AND PORTABLE ENGINEERS APPRENTICESHIP AND TRAINING PROGRAM,<br><br>By its attorneys,<br><br>/s/ James A.W. Shaw<br>James A.W. Shaw, BBO # 670993<br>Ryan McGovern Quinn, BBO # 706172<br>SEGAL ROITMAN, LLP<br>33 Harrison Ave., 7th Floor<br>Boston, MA  02111<br>(617) 603-1432<br>jshaw@segalroitman.com<br>rquinn@segalroitman.com</td></tr>
</table>

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants by First Class Mail on February 2, 2023.

/s/ James A.W. Shaw
James A.W. Shaw