UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

VIRGINIA HUSSEY,
   Plaintiff,

v.

CIVIL ACTION NO. 20-11511-MPK

EAST COAST SLURRY CO., LLC;
INTERNATIONAL UNION OF
OPERATING ENGINEERS, LOCAL 4;
and HOISTING AND PORTABLE
ENGINEERS APPRENTICESHIP AND
TRAINING PROGRAM aka HOISTING
AND PORTABLE ENGINEERS
APPRENTICESHIP & TRAINING FUND,
aka HOISTING AND PORTABLE
ENGINEERS APPRENTICESHIP &
TRAINING CENTER,
   Defendants.

**MEMORANDUM AND ORDER ON PLAINTIFF, VIRGINIA HUSSEY'S, MOTION TO AMEND THE AMENDED COMPLAINT (#116).**

KELLEY, U.S.M.J.

I. Background.

On August 12, 2020, plaintiff filed an original complaint against defendants alleging gender discrimination, retaliation, and creation of a hostile work environment in violation of 42 U.S.C. § 2000e *et seq*., as well as under Title VII's state counterpart, Mass. Gen. Laws ch. 151B. Following proceedings on defendants' motions to dismiss, *see* #19, on February 1, 2021, plaintiff was granted leave to file an amended complaint. (#28.) The amended complaint, *see* #29, is the operative complaint.

1

Trial begins on March 13, 2023. The deadline for filing motions for leave to amend and supplement pleadings expired a year and a half ago. (##40, 41.) Discovery closed over a year ago. (##40, 45-46.)

Eleven months ago, the court decided defendants' motions for summary judgment. (#75.) The court allowed Suffolk Construction Co., Inc.'s motion, and denied East Coast Slurry Co. LLC's. The court allowed in part and denied in part International Union of Operating Engineers, Local 4's ("the Union") and Hoisting and Portable Engineers Local 4 Apprenticeship and Training Program's ("the School") motions. *Id*.

One month ago, the court declined to grant the Union and the School leave to amend the amended answers. (#114.) Plaintiff nevertheless seeks leave to amend her amended complaint, by adding claims against the School under Mass. Gen. Laws ch. 151C, §§ 2(g) and 2A(b).[1] (##116, 117); *see also* #117-1 at ¶¶79-83. The School opposes. (#121). For the reasons set out below, plaintiff's motion is **DENIED**.

---

[1] The Mass. Gen. Laws ch. 151C, § 2(g), provides that "[i]t shall be an unfair educational practice for an educational institution. . .[t]o sexually harass students in any program or course of study in any educational institution." *Id*. Mass. Gen. Laws ch. 151C, § 2A(b), provides that "[i]t shall be an unfair educational practice for a vocational training institution. . .[t]o discriminate against any student in providing the benefits, privileges, and placement services associated with such institution, course, or course of study because of. . .sex. . . ." *Id*. Chapter 151C is the state counterpart to Title IX, *see Bloomer v. Becker Coll.*, #09-cv-11342-FDS, 2010 WL 3221969, at *6 (D. Mass. Aug. 13, 2010), which governs "any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Plaintiff does not seek to add claims against the School under Title IX, and the School denies that it receives federal financial assistance. (#121 at 9 n.5.) The School also denies that it is a "vocational training institution" as defined by Mass. Gen. Laws ch. 151C, § 1. (#121 at 11.) Because it finds that plaintiff has failed to prove diligence, the court does not need to reach any of the School's arguments regarding futility. The court is aware, however, that the School's arguments regarding futility, *see* #121 at 7-13, overlap with the arguments that it makes in a pending motion in limine, *see* ##90-91. The court will hear argument on ##90-91 at the final pretrial conference.

II. <u>The Good Cause Standard</u>.

Plaintiff correctly concedes that, because the deadline for filing motions for leave to amend has expired, Fed. R. Civ. P. 16(b)'s more demanding "good cause" standard controls, not Rule 15(a)'s liberal "freely given" standard. (#117 at 1-2); *see* #114 at 5; *see also Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 327 (1st Cir. 2008); *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004); *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 154-155 (1st Cir. 2004).

The good cause standard focuses on diligence of the moving party. *Steir*, 383 F.3d at 12. Although it is relevant, prejudice to the opposing party "is not the dominant criterion." *O'Connell*, 357 F.3d at 155; *see also Miceli v. JetBlue Airways Corp.*, 914 F.3d 73, 86 (1st Cir. 2019); *Great Lakes Ins. SE v. Andersson*, 338 F.R.D. 424, 428 (D. Mass. 2021). "Indifference by the moving party seals off this avenue of relief irrespective of prejudice because such conduct is incompatible with the showing of diligence necessary to establish good cause." *O'Connell*, 357 F.3d at 155 (citation and punctuation omitted).

Moreover, where a motion for leave to amend is filed after the opposing party has timely moved for summary judgment, the moving party must present "substantial and convincing evidence." *Steir*, 383 F.3d at 12 (quoting *Resolution Trust Corp. v. Gold*, 30 F.3d 251, 253 (1st Cir. 1994)).

III. <u>Discussion</u>.

Plaintiff has not come close to making the requisite showing of diligence. There is no dispute that the amended complaint does not include 151C claims against the School. *See* #29; *see also* ##117, 121. New counsel (Alexandra Gill) proffers that omission of 151C claims from the amended complaint was an "oversight" that "would have been difficult to discern" without the "*de*

3

*novo*" review of the file necessitated by the retirement of lead counsel (Bradford Louison). (#117 at 2-3.) But, Attorneys Gill and Bradford Louison have not submitted affidavits to this effect. Neither has Attorney Douglas Louison, who has represented plaintiff throughout this proceeding. *See* #1 at 14 (original complaint signature page); *see also* #14 (notice of appearance); #95 at 1 (initial joint pretrial memorandum).

All three of these attorneys are associated with the same firm. A fourth attorney associated with the firm, Matthew Goepfrich, represented plaintiff before the Massachusetts Commission Against Discrimination (MCAD). *See* #117-4 at 13 (charge signature page); *see also* #117-4 at 2 (notice of appearance). Like the amended complaint, the MCAD charge did not include 151C claims against the School. It did, however, include a Title IX claim against the School, which Attorney Goepfrich described, at that time, as an "education program." *See* #117-4 at ¶5 ("Against her education program, [School]. . ., [plaintiff] brings a charge of discrimination on the basis of sexual harassment, Title VII, and to the extent that it is within the Commission's jurisdiction, Title IX").

Ultimately, without affidavits, the court cannot find that the omission of 151C claims from the amended complaint, notwithstanding the inclusion of a Title IX claim in the MCAD charge, was an "oversight," as opposed to a conscious decision by counsel. *See Martinez v. Petrenko*, 792 F.3d 173, 180 (1st Cir. 2015) (good cause "does not typically include a change of heart on a litigation strategy") (citing *Trans-Spec*, 524 F.3d at 327 ("[t]he explanation for the delay seems to be simply that [the plaintiff] thought that it would prevail ... without any need to further amend. In that, its calculations were wrong. Nonetheless, [the plaintiff] must be bound by the consequences of its litigation strategy")).[2]

---

[2] The School was not named as a defendant in the original complaint, *see* #1 at ¶¶2-4, and the addition of the School in the amended complaint was preceded by a dispute as to whether the

Even if it were able to find that the omission of 151C claims from the amended complaint was an oversight, the court still would not grant plaintiff leave to amend. That "oversight" is easy to discern from the amended complaint. No "*de novo*" file review is needed.[3] Counsel's failure to review the amended complaint carefully is not good cause. Neither is counsel's ignorance of the law. *See Tuke v. United States*, 76 F.3d 155, 156 (7th Cir. 1996) ("Failure to read a rule is the antithesis of good cause. Ignorance may be an explanation but it is not an excuse"); *see also Josselyn v. Dennehy*, 475 F.3d 1, 5 (1st Cir. 2007) ("Ignorance of the law does not constitute good cause").

Contrary to plaintiff's claim, *see* #117 at 3-4, 151C claims are not implicit in the amended complaint. Analogy to cases in which a complaint invokes 42 U.S.C. § 1983 but does not identify the federal right and still survives a motion to dismiss is inapt.[4] In the first place, the amended

---

Union and the School are the same or separate entities. The Union and the School have maintained that they are separate, *see*, *e.g.*, #13 at 7 n.3, while plaintiff has maintained that the School holds itself out as part of Union and is a "labor organization." (#18 at 2; #29 at ¶4; #65 at 24, 26.) On summary judgment, the court ruled that the School is not a "labor organization" for purposes of Mass. Gen. Laws ch. 151B, § 4(2), eliminating Count IV of the amended complaint. (#75 at 32-33.) In her motion for leave to amend, plaintiff does not address the previous "labor organization" position.

[3] There are not "[c]onflicting [i]ndicia" on the record. *See* #117 at 2. The amended complaint does not include 151C claims. The School did not address 151C claims on summary judgment and neither did the court. The court rejects plaintiff's argument that the School was, or should have been, aware that plaintiff intended to plead 151C claims because she listed 151C among other statutes and regulations in the opposition to summary judgment. *See* #117 at 2-3 (citing #65 at 26).

The court also rejects plaintiff's claim that the School was, or should have been, aware of that she intended to plead 151C claims from her inclusion of 151C claims in a Massachusetts Office of Public Safety and Inspections complaint. *See* #117 at 2-3 (citing #117-2 at 5, 13, 21); *see also Steir*, 383 F.3d at 14 ("A defendant is not, of course, obligated to perfect a plaintiff's litigation strategy by pointing out potential causes of action that the plaintiff has neglected to bring").

[4] The School observes, *see* #121 at 3 & n.1, that the cases plaintiff cites pre-date *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), but, even post-*Twombly* and *Iqbal*, "a complaint need plead facts and not necessarily the specific names of the legal theories and causes of action fairly raised by these facts. . . ." *Snyder v. Collura*, 812 F.3d 46, 50 (1st Cir. 2016).

5

complaint does not point to claims against an "educational institutional" or a "vocational training institution" under 151C. By describing the School as a "labor organization," *see* #29 at ¶4, the amended complaint points to claims under Title VII and 151B. *See Martinez*, 792 F.3d at 179 (". . . the only nonconclusory allegations pertinent to establishing FLSA coverage refer to Ice Code's annual sales, and thus point only to enterprise, not individual coverage. As such, the complaint gave even less notice than a 'merely' conclusory complaint would have given that Martinez's individual activities would provide the grounds upon which coverage depended, it pointed specifically and exclusively in the other direction").

Regardless, at this time, the question is not whether some implicit 151C claim might survive a motion to dismiss. The parties have completed discovery and the court has decided summary judgment motions. The time for plaintiff to have developed the 151C theory "has long passed."[5] *Snyder*, 812 F.3d at 51 ("The defendants filed a motion to dismiss the section 1983 claim in whole, and they then later moved for summary judgment after discovery. Unlike Federal Rule of Civil Procedure 8, motions of this type necessarily call on a plaintiff to tie his allegations to a tangible theory of recovery. Otherwise, waiver looms. . . . In response first to the motion to dismiss and then in response to the original motions for summary judgment, Snyder omitted any mention of the theories that he now urges we find implicit in the complaint. In short, to the extent that the complaint left Snyder leeway in picking his legal theories, the point at which he needed to reveal those theories passed well before he announced the theories that he now wishes to pursue. . . .To rule otherwise would be to turn an orderly marshalling of the reasons for and against dismissal of a claim into a game of whack-a-mole, with seriatim summary judgment proceedings not ending

---

[5] Although plaintiff cited 151C in the opposition to summary judgment, that citation was undeveloped, *see* #65 at 26, and, as noted, it was her position then that the School is the same entity as the Union and a "labor organization."

until the defendant manages to guess every possible legal theory upon which a plaintiff might rely to support a claim") (citations omitted); *see Torres-Rios v. LPS Laboratories, Inc.*, 152 F.3d 11, 16 (1st Cir. 1998) (". . .plaintiffs' assertion that the cleaner 'also' was defective based on its warnings gave a hint of a possible additional claim. Given the absence of any development of such a claim by the time of the Joint Case Management Memorandum, we join the district court in concluding that a design defect claim was not raised by the complaint").

Finally, the court rejects plaintiff's claim, *see* #117 at 4, that she should not be punished for an oversight of counsel. *See Kevin C. v. Kijakazi*, #20-cv-00435-NT, 2022 WL 2047728, at *3 (D. Me. June 7, 2022) ("'The argument that the sins of the attorney should not be visited on the client is a seductive one,' but the Plaintiff 'voluntarily chose this attorney as [her] representative in the action, and [she] cannot now avoid the consequences of the acts or omissions of this freely selected agent'") (quoting *Damiani v. R.I. Hospital*, 704 F.2d 12, 16 (1st Cir. 1983) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-634 (1962)); *see also Thibeault v. Square D Co.*, 960 F.2d 239, 246 (1st Cir. 1992).

Because plaintiff has failed to prove diligence, the court does not need to reach prejudice to the School. Briefly, however, the court disagrees with plaintiff that the School will not suffer any. The School has, to date, had to defend against the allegation that it is a "labor organization," and it is now defending against the allegation that it is a "vocational training institution." *See* #121 at 11-12.

Moreover, as the School suggests, *see* #121 at 6, it will have to expend additional time in preparing and filing additional pretrial briefing, including proposed jury instructions. *Cf. Great Lakes Ins.*, 338 F.R.D. at 428 (in denying motion to amend, noting additional expense that would have to be incurred for legal research and argument on new theory).

IV. <u>Conclusion</u>.

      For the reasons set out above, plaintiff's motion to amend the amended complaint (#116) is **DENIED**.


February 9, 2023                                  <u>/s/ Page Kelley</u>
                                                      PAGE KELLEY
                                                      Chief United States Magistrate Judge