UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

VIRGINIA HUSSEY,
   Plaintiff,

v.

CIVIL ACTION NO. 20-11511-MPK[1]

EAST COAST SLURRY CO., LLC;
INTERNATIONAL UNION OF
OPERATING ENGINEERS, LOCAL 4;
and HOISTING AND PORTABLE
ENGINEERS APPRENTICESHIP AND
TRAINING PROGRAM aka HOISTING
AND PORTABLE ENGINEERS
APPRENTICESHIP & TRAINING FUND,
aka HOISTING AND PORTABLE
ENGINEERS APPRENTICESHIP &
TRAINING CENTER,
   Defendants.

**MEMORANDUM AND ORDER ON DEFENDANT HOISTING AND PORTABLE
ENGINEERS APPRENTICESHIP AND TRAINING PROGRAM'S MOTION IN
LIMINE TO DISMISS STATE LAW CLAIMS (#90)**

KELLEY, U.S.M.J.

I. <u>Introduction</u>.

Plaintiff Virginia Hussey raises claims for gender discrimination, retaliation, and sexual harassment against her former employer, defendant East Coast Slurry Co., LLC ("East Coast Slurry"); her former union, defendant International Operating Engineers, Local 4 ("the Union"); and her former apprenticeship program, defendant Hoisting and Portable Engineers

---

[1] With the parties' consent, this case was assigned to the undersigned for all purposes, including trial and the entry of judgment, pursuant to 28 U.S.C. § 636(c). (#32.)

1

Apprenticeship and Training Program ("the School"). Following summary judgment, *see* #75,[2] five counts in plaintiff's amended complaint, *see* #29, are proceeding to trial: Count I alleging a violation of Title VII, 42 U.S.C. §§ 2000e, *et seq*., against East Coast Slurry, the Union, and the School; Count II alleging a violation of Mass. Gen. Laws ch. 151B, § 4(1), against East Coast Slurry; Count V alleging a violation of Mass. Gen. Laws ch. 151B, § 4(4), against East Coast Slurry and the School; Count VI alleging a violation of Mass. Gen Laws ch. 151B, § 4(4A), against East Coast Slurry and the School; and, Count VII alleging a violation of Mass. Gen. Laws ch. 151B, § 4(16A), against East Coast Slurry.

The court granted summary judgment in favor of the Union on Count III, alleging a violation of Mass. Gen. Laws ch. 151B, § 4(2), against the Union alone. (#75 at 19-20.) The court also granted summary judgment in favor of the Union on Counts V and VI because these state law claims against the Union were preempted by the federal common law duty of fair representation. *Id.*

The court granted summary judgment in favor of the School on Count IV, alleging a violation of Mass. Gen. Laws ch. 151B, § 4(2), against the School alone, because the School is not a "labor organization." (#75 at 32-33.)

On summary judgment, the court rejected the School's argument that any state law claims against the School are preempted by ERISA §514(a), 29 U.S.C. § 1144(a). (#75 at 31-32.)

The School now moves in limine to dismiss the remaining state law claims against the School, i.e. Counts V and VI, as preempted by ERISA, if there is evidence at trial that the School is governed by ERISA. (#90); *see* #91 at 2-10.

---

[2] The court granted summary judgment in favor of a fourth defendant, Suffolk Construction Co. *Id.* at 15-18.

The School also argues that, because and even in the absence of ERISA preemption, a 180-day statute of limitations applies to the Title VII claim, i.e. Count I, pursuant to 29 C.F.R. §1601.13(a)(2). (#91 at 9-10.)

Plaintiff opposes the School's motion in limine. (#128.) The court heard argument at the final pretrial conference, on February 24, 2023. (#145.) For the reasons that follow, the School's motion is **DENIED**, except that the School may renew its ERISA preemption argument, if renewal is supported by the evidence and verdict.

II. Discussion.

    A. 180-Day Statute of Limitations.

A plaintiff must exhaust administrative remedies before filing a suit in federal court under Title VII, including by filing a charge with the Equal Employment Opportunity Commission ("EEOC")[3] within 180 days of the alleged unlawful employment practice or within 300 days of the alleged unlawful employment practice if the plaintiff instituted proceedings with a state or local agency "with authority to grant or seek relief from such practice" first. 42 U.S.C. § 2000e-5(e)(1); *see Flaherty v. Entergy Nuclear Operations, Inc.*, 946 F.3d 41, 56 n.15 (1st Cir. 2019); *Bonilla v. Muebles J.J. Alvarez, Inc.*, 194 F.3d 275, 278 (1st Cir. 1999).

---

[3] EEOC regulations designate the Massachusetts Commission Against Discrimination ("MCAD") a fair employment practice ("FEP") agency. *Davis v. Lucent Techs., Inc.*, 251 F.3d 227, 230 n.1 (1st Cir. 2001); *see* 29 C.F.R. §1601.74(a). EEOC policy is to defer to FEP agencies for a limited period of time to allow FEP agencies to resolve problems locally. *Id.*; *see Isaac v. Harvard Univ.*, 796 F.2d 817, 822 (1st Cir. 1985). A charge filed with the MCAD automatically becomes filed with the EEOC 60 (or where appropriate 120) days after its filing, or earlier if the MCAD terminates its investigation. A charge filed with the EEOC in a jurisdiction with a FEP agency, like Massachusetts, is automatically referred to the FEP agency. Therefore, charges filed with either the MCAD or the EEOC are effectively filed with both agencies. *Id.*; *see* 29 C.F.R. §1601.13(a)(4). This is described as a "worksharing agreement," dividing up responsibilities and avoiding duplication of effort. *Id.*; *see Isaac*, 896 F.2d at 824.

The longer 300-day statute of limitations does not apply if the state or local agency is "without jurisdiction over the statutory basis alleged in the charge." Thus, 29 C.F.R. §1601.13(a)(2) provides:

> A jurisdiction having a FEP agency without jurisdiction over the statutory basis alleged in the charge (e.g., an agency that does not have enforcement authority over sex discrimination) is equivalent to a jurisdiction having no FEP agency. Charges over which a FEP agency has no jurisdiction over the statutory basis alleged are filed with the [EEOC] upon receipt and are timely filed if received by the [EEOC] within 180 days from the date of the alleged violation.

*Id.*

The School argues that the shorter 180-day statute of limitations applies because the MCAD was "without jurisdiction over the statutory basis alleged in the charge." (#91 at 9-11.) On summary judgment, the School linked the 180-day statute of limitations argument explicitly to the ERISA preemption argument.[4] In its motion in limine, the School again links the 180-day statute of limitations argument explicitly to the ERISA preemption argument. (#91 at 9-11.) That is, because ERISA preempts any state law claims against School, the MCAD was "without jurisdiction over the statutory basis alleged in the charge."

Now, the School seems to be suggesting that that the 180-day statute of limitations argument succeeds even if the ERISA preemption argument fails. (#91 at 9.) The School's assertion that the court "already decided" on summary judgment that the MCAD lacked jurisdiction over the School is not accompanied by any citation, *see id*. at 10, but the court assumes that the School is alluding to the ruling that the School is not a "labor organization" for purposes of Mass. Gen. Laws ch. 151B, § 4(2). *See* #75 at 32-33.

---

[4] For example, in reply, the School supported its assertion that the MCAD "has no authority" over the School by citation to *Iwata v. Intel Corp.*, 349 F. Supp. 2d 135 (D. Mass. 2004), an ERISA preemption case. (#69 at 11.)

4

However, Counts V and VI raise claims for "any person" liability.[5] On summary judgment, the School did not develop an argument that it is not a "person" for purposes of Mass. Gen. Laws ch. 151B, §§ 4(4) and 4(4A).[6] *See* #52 at 10. The School still does not develop such an argument. *See* #91.

Regardless, the School's 180-day statute of limitations argument fails even if the ERISA preemption argument succeeds. The School cites four cases in support. In three, the courts ruled that pursuant to 29 C.F.R. §1601.13(a)(2), the 180-day statute of limitations applied because the state anti-discrimination laws at issue excluded the defendants from coverage. *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1085 (9th Cir. 2006) (Washington anti-discrimination law excluded nonprofit religious organization employers); *Sumner v. Sacred Heart Med. Ctr.*, No. CV-04-0285-EFS, 2005 WL 2806976, at *1 (E.D. Wash. Oct. 25, 2005) (same); *see also Vitug v. Multistate Tax Comm'n*, 860 F. Supp. 546, 550-51 (N.D. Ill. 1994) (Illinois anti-discrimination law excluded employers with fewer than fifteen employees and no public contracts).

In the fourth, the court ruled pursuant to 29 C.F.R. §1601.13(a)(2) that the 180-day statute of limitations applied because a ruling that the Port Authority of New York and New Jersey was covered by New York or New Jersey anti-discrimination law would violate the bi-state compact

---

[5] Mass. Gen. Laws ch. 151B, § 4(4), provides that it is an unlawful practice "[f]or any person, employer, labor organization or employment agency to discharge, expel or otherwise discriminate against any person because he has opposed any practices forbidden under this chapter or because he has filed a complaint, testified or assisted in any proceeding under section five." *Id*. Mass. Gen. Laws ch. 151B, § 4(4A), provides that it is an unlawful practice "[f]or any person to coerce, intimidate, threaten, or interfere with another person in the exercise or enjoyment of any right granted or protected by this chapter. . . ." *Id*.

[6] Mass. Gen. Laws ch. 151B, § 1(1), defines "person" to include "one or more individuals, partnerships, associations, corporations, legal representatives, trustees, trustees in bankruptcy, receivers, and the commonwealth and all political subdivisions, boards, and commissions thereof." *Id*.

that created the Port Authority. *Dezaio v. Port Auth. of NY & NJ*, 205 F.3d 62, 64-66 (2d Cir. 2000).

Significantly, all four of these cases were decided when 29 C.F.R. §1601.13(a)(2) read:

> A jurisdiction having a FEP agency **without subject matter jurisdiction over a charge** (e.g., an agency which does not cover sex discrimination **or does not cover nonprofit organizations**) is equivalent to a jurisdiction having no FEP agency. . . .

*Id*. (eff. to Nov. 16, 2020) (bold supplied).

Rather than "without subject matter jurisdiction over a charge," 29 C.F.R. §1601.13(a)(2) now reads "**without jurisdiction over the statutory basis alleged in the charge**." *Id.* (bold supplied). Moreover, "or does not cover nonprofit organizations" has been removed. *Id.*

In proposing the change from "without subject matter jurisdiction over a charge" to "without jurisdiction over the statutory basis alleged in the charge," the EEOC explained the reason for it:

> In some instances, respondents have argued that even though a charge alleges the same type or basis of discrimination prohibited by state law, such as disability discrimination, it is untimely because the state law would not have applied to the particular circumstances or theory of relief, such as a failure to accommodate theory. The EEOC believes that this interpretation is incorrect and unworkable. Charging parties may assert multiple theories of relief or related claims, or may not know what theory ultimately will apply to their statutory claims, and it would be inappropriate to require an evaluation of the merits of the charge in light of state law before deciding what filing deadline applies. Conditioning the timeliness of their filing on the interpretation of "complicated issues of state law" would be contrary to the Supreme Court's decision in *EEOC v. Commercial Office Products Co.*, 486 U.S. 107, 123-24 (1988). The Supreme Court discouraged interpreting the filing periods in ways that would involve the interpretation of "complicated issues of state law" particularly because in discrimination cases, "laymen, unassisted by trained lawyers, initiate the process." The Court emphasized that rules should be "both easily understood by complainants and easily administered by the EEOC." *See id*. at 124. The proposed revision to §§ 1601.13(a)(2) and (3) thus expresses more clearly that the charge-filing time period is determined simply by looking to the general bases on which the FEP agency's statute prohibits discrimination. Thus, if the FEP agency's statute covers the same general basis or category of discrimination alleged by the charging party (for example, age or disability

> discrimination), the charging party has 300 days to file a charge. This information about the FEP agency's general statutory coverage will normally be readily available to the public, and it will be easier for charging parties to determine which filing deadline applies.

84 FR 5624-01, 5624-5625, 2019 WL 764927 (Feb. 22, 2019).

Even before the regulatory change, in light of *EEOC v. Commercial Office Products Co.*, 486 U.S. 107 (1988), courts declined to rule that the 180-day statute of limitations applied if so ruling involved interpretation of complicated issues of state law. *See, e.g.*, *Calabotta v. Pibro Animal Health Corp.*, No. 17-cv-03197, 2018 WL 813583, at *2-5 (C.D. Ill. Feb. 9, 2018) (rejecting argument that shorter 180-day statute of limitations applied to Americans with Disability Act claim because Illinois anti-discrimination law, arguably, did not recognize claims of associational disability); *EEOC v. Dolgencorp, LLC*, 206 F. Supp. 3d 1309, 1312-17 (E.D. Tenn. 2016), *aff'd*, 899 F.3d 428, 433-34 (6th Cir. 2019) (same, where Tennessee anti-discrimination law, arguably, did not recognize practice of reasonable accommodation); *Moher v. Chemfab Corp.*, 959 F. Supp. 70, 71-72 (D.N.H. 1994) (same, where New Hampshire anti-discrimination law, arguably, did not recognize practice of reasonable accommodation).

The School cites no recent authority supporting the 180-day statute of limitations argument and does not address the regulatory change. Indisputably, the MCAD's statute, Mass. Gen. Laws ch. 151B, "covers the same general basis or category of discrimination alleged by" plaintiff. *See* 84 FR 5624-01, 5624-5625.

Conversely, a ruling that the 180-day statute of limitations applies because ERISA preempts any state law claims against School "require[s] an evaluation of the merits of the charge in light of state law before deciding what filing deadline applies," which is "inappropriate." *Id.*; *see also Commercial Office Products Co.*, 486 U.S. at 124 (rules for filing deadlines should be "both easily understood by complainants and easily administered by the EEOC"); *Moher*, 959 F.

7

Supp. at 72 ("[P]olicy considerations consistent with the remedial purposes of federal antidiscrimination laws counsel persuasively that state law barriers should not be permitted to complicate or obfuscate the federal filing process.").

In sum, the School's 180-day statute of limitations argument fails, whether or not its ERISA preemption argument succeeds.

### B. ERISA Preemption.

The court declines to re-visit ERISA preemption before trial. Assuming, without deciding, that the "incongruencies" between Title VII and Mass. Gen. Laws ch. 151B, §§ 4(4) and 4(4A), that the School identifies, *see* #91 at 3-8, are the kind that would preclude exemption from preemption under ERISA § 514(d), *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85 (1983), and progeny, the School will have the opportunity to propose instructions and questions on the verdict form to avoid findings for plaintiff on Count V and VI that would not support a finding for plaintiff on Count I.

### IV. Conclusion.

For the reasons above, #90 is denied, except that the School may renew the ERISA preemption argument, if appropriate.

March 6, 2023                    /s/M. Page Kelley
                                 M. Page Kelley
                                 Chief U.S. Magistrate Judge