# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| VIRGINIA HUSSEY,  ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | DOCKET NO. 20-11511-MPK |
| EAST COAST SLURRY, INTERNATIONAL ) | |
| UNION OF OPERATING ENGINEERS, ) | |
| LOCAL 4; and HOISTING AND PORTABLE ) | |
| ENGINEERS APPRENTICESHIP AND ) | |
| TRAINING PROGRAM aka HOISTING ) | |
| AND PORTABLE ENGINEERS ) | |
| APPRENTICESHIP & TRAINING FUND, aka ) | |
| HOISTING AND PORTABLE ENGINEERS ) | |
| APPRENTICESHIP & TRAINING CENTER, ) | |
| Defendants. ) | |

## FURTHER REQUESTED BRIEFING ON PROPOSED JURY INSTRUCTIONS

East Coast Slurry, LLC submits the following briefing on the justification for imposition of an element that plaintiff to demonstrate that she met the requirements of her position – whether phrased as "performance" or "qualifications" where she alleges she was terminated based on her gender.

> A. THE PRIMA FACIE CASE FOR DISCRIMINATORY TERMINATION REQUIRES PROOF SUFFICIENT TO SUPPORT AN INFERENCE THAT THE PLAINTIFF, AT THE TIME OF HER DISCHARGE, WAS "MEETING THE EMPLOYER'S LEGITIMATE NEEDS."

In *Smith v. Stratus Computer, Inc.,* the First Circuit interpreted the McDonnell Douglas framework to require proof of "adequate performance" in a Title VII termination case, phrasing these elements as follows: "[T]he plaintiff…must show that (1) she is a member of a protected class; (2) she was performing her job at a level that rules out the possibility that she was fired for


inadequate job performance; (3) she suffered an adverse job action by her employer; and (4) her employer sought a replacement for her with roughly equivalent qualifications." 40 F.3d 11, 15 (1st Cir. 1994) (citing and quoting *Mesnick v. General Elec. Co.*, 950 F.2d 816, 823 (1st Cir.1991), cert. denied, 504 U.S. 985, 112 S.Ct. 2965 (1992) (addressing burden-shifting framework in context of allegation of termination based on age)). Via footnote, the *Smith* court asserted that the plaintiff's "relatively light" burden at the prima facie stage was simply to produce enough evidence to "support an inference that [the plaintiff's] job performance at the time of her discharge was adequate to meet [the employer's] legitimate needs."
*Id*. at n. 4.

This Court recently applied the "performance" element as part of a prima facie case of discriminatory termination in *Nwachukwu v. Vinfen Corp.*, phrasing the elements of a claim for "unlawful termination" on the basis of race, color, or national origin, as follows:

> [P]laintiff must show the following: (1) [that] he belonged to a protected class ...; (2) he was performing his job at a level that rules out the possibility that he was fired for job performance; (3) he suffered an adverse job action by his employer; and (4) his employer sought a replacement for him with roughly equivalent qualifications.

No. 1:16-CV-11815-MPK, 2019 WL 5698461, at *5 (D. Mass. Nov. 4, 2019). The same framework was articulated in *Fantini v. Salem State College*, No. CIV.A. 05-12348-RWZ, 2010 WL 2639870, at *1 (D. Mass. June 29, 2010) (alleged gender discrimination, unlawful termination alleged).

The "performance" element was phrased in terms of "qualifications" in *Eswarappa v. Community Action Inc./Head Start*, which also concerned an alleged discriminatory termination:

> To satisfy her initial burden, plaintiff must show that (1) she is a member of a protected class; (2) she was qualified for the position she held; (3) she suffered an

adverse job action by her employer; and (4) defendant subsequently filled the position.

*Eswarappa v. Cmty. Action Inc./Head Start, No.* CV 14-14255-FDS, 2017 WL 3202724, at *6 (D. Mass. July 27, 2017).

East Coast Slurry argues that, in this case, the term "qualifications" more appropriately describes the requirements the plaintiff was required to meet in order to remain employed. While the prima facie burden on the plaintiff to demonstrate adequate performance is relatively "thin," and thus often subsumed into analysis of the employer's reason for termination[1], here, whether the plaintiff continued to meet the minimum qualifications to hold the position she once held is directly at issue. As *Smith, Eswarappa, Fantini,* and *Nwakchuku* establish, a plaintiff in a wrongful termination case does bear the initial burden to demonstrate that she meets the minimum standards necessary to remain employed.

The instruction that a business may terminate an employee for any non-discriminatory reason is inadequate, because it shifts the burden improperly to East Coast Slurry, before the plaintiff's met her prima facie case. East Coast Slurry states, simply, that the position held by the plaintiff was one that required specific qualifications. The plaintiff lost these qualifications, and lost her position. It should be the plaintiff's burden of proof to demonstrate, if she can, that there was any way she could maintain as an "apprentice" on a union job site, when she was no longer affiliated with the union or enrolled in the school.

---

[1] *See. e.g.* discussion in *Benoit v. Tech. Mfg. Corp.*, 331 F.3d 166, 173, n. 2 (1st Cir. 2003) (as inadequate job performance was reason for termination, the adequate job performance element was essentially subsumed into pretext analysis rather than prima facie case); *but see Holloway v. Thompson Island Outward Bound Educ. Ctr., Inc*., 492 F. Supp. 2d 20, 24 (D. Mass. 2007), aff'd, 275 F. App'x 25 (1st Cir. 2008) (where inadequate performance wasn't employer's reason for termination – in fact, threatening coworkers was – the elements were analyzed separately, and plaintiff's minimum performance was analyzed as part of prima facie case).

## CONCLUSION

Accordingly, East Coast Slurry respectfully requests that the jury be instructed that it is the plaintiff's burden to establish that she remained qualified for her position, in one of the formulations referenced in East Coast Slurry's Objections to Proposed Jury Instructions.

> Defendant,
> East Coast Slurry,
>
> By Its Attorney,
>
>   /s/ *Nora R. Adukonis*
> Angela L. Linson, BBO #637789
> Nora R. Adukonis, BBO #676932
> Litchfield Cavo LLP
> 6 Kimball Lane, Suite 200
> Lynnfield, MA 01940
> (781) 309-1500 – Tel
> (781) 246-0167 – Fax
> linson@litchfieldcavo.com
> adukonis@litchfieldcavo.com

Dated: March 19, 2023

## **CERTIFICATE OF SERVICE**

   I, Nora R. Adukonis, hereby certify that on March 19, 2023, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants.

               */s/ Nora R. Adukonis*
              Nora R. Adukonis