UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

VIRGINIA HUSSEY,
   Plaintiff,

v.

                        CIVIL ACTION NO. 20-11511-MPK

EAST COAST SLURRY CO., LLC;
INTERNATIONAL UNION OF
OPERATING ENGINEERS, LOCAL 4;
and HOISTING AND PORTABLE
ENGINEERS APPRENTICESHIP AND
TRAINING PROGRAM aka HOISTING
AND PORTABLE ENGINEERS
APPRENTICESHIP & TRAINING FUND,
aka HOISTING AND PORTABLE
ENGINEERS APPRENTICESHIP &
TRAINING CENTER,
   Defendants.

## SPECIAL VERDICT FORM

### I. Title VII Claims against East Coast Slurry, the Union, and the School

### A. Hostile Work Environment

### 1. Statute of Limitations

1.     Has Ms. Hussey proven by a preponderance of the evidence that the continuing violation doctrine applies to her claim of sexual harassment creating a hostile work environment under Title VII?

Yes _____         No   ✗ 

**(If your answer to Question 1 is "Yes," please proceed to Question 2. If your answer to Question 1 is "No," then you have reached your verdict on Ms. Hussey's claim of sexual harassment creating a hostile work environment under Title VII, and you should proceed to her claim of gender discrimination under Title VII, starting with Question 10.)**

1

## 2. Elements

2.      Has Ms. Hussey proven by a preponderance of the evidence that she was subjected to unwelcome harassment; that the harassment was based upon her gender; that the harassment was both subjectively and objectively offensive, such that a reasonable person would find it hostile or abusive and she did in fact perceive it to be so; and, that the harassment was sufficiently severe or pervasive so as to alter the conditions of her employment and create an abusive working environment?

Yes _____      No _____

**(If your answer to Question 2 is "Yes," please proceed to Question 3. If your answer to Question 2 is "No," then you have reached your verdict on Ms. Hussey's claim of sexual harassment creating a hostile work environment under Title VII, and you should proceed to her claim of gender discrimination under Title VII, starting with Question 10.)**

3.      Has Ms. Hussey proven by a preponderance of the evidence that <u>East Coast Slurry</u> is liable for sexual harassment creating a hostile work environment under Title VII because East Coast Slurry, by its negligence, caused Ms. Hussey to be exposed to a hostile work environment, where management level employees of East Coast Slurry either knew or should have known of the harassment underlying your finding on Question 2 (whether that harassment was by Bobby Atkins, Henry Noyes, or Michael Bowes) and management level employees of East Coast Slurry failed to take prompt and appropriate remedial action?

Yes _____      No _____

**(If your answer to Question 3 is "Yes," you have found East Coast Slurry liable for sexual harassment creating a hostile work environment under Title VII. If your answer to Question 3 is "No," you have not found East Coast Slurry liable for sexual harassment creating a hostile work environment. Please proceed to Question 4.)**

4.      Has Ms. Hussey proven by a preponderance of the evidence that <u>the Union</u> is liable for sexual harassment creating a hostile work environment under Title VII because:

        a.      Your finding on Question 2 is based upon Atkins' and/or Noyes' harassment and, the Union caused Ms. Hussey to be exposed to a hostile work environment, where management level employees of the Union either knew or should have known of Atkins' and/or Noyes' harassment; management level employees of the Union failed to take prompt and appropriate action; and, management level employees of the Union failed to take prompt and appropriate remedial action because of Ms. Hussey's gender?

                Yes _____      No _____

        b.      Your finding on Question 2 is based upon Bowes' harassment and Bowes, when harassing Ms. Hussey, was acting in his capacity as the Union's president or business agent and

2

Bowes was Ms. Hussey's supervisor under Title VII?

Yes _____    No _____

c.    Your finding on Question 2 is based upon Bowes' harassment and Bowes, when harassing Ms. Hussey, was not acting in his capacity as the Union's president or business agent or was not Ms. Hussey's supervisor under Title VII, however, the Union caused Ms. Hussey to be exposed to a hostile work environment, where management level employees of the Union either knew or should have known of Bowes' harassment and management level employees of the Union failed to take prompt and appropriate remedial action; and, management level employees of the Union failed to take prompt and appropriate remedial action because of Ms. Hussey's gender?

Yes _____    No _____

**(If your answer to any of the above questions, 4(a) through 4(c), is "Yes," you have found the Union liable for sexual harassment creating a hostile work environment under Title VII. If your answer to all of the above questions, 4(a) through 4(c), is "No," you have not found the Union liable for sexual harassment creating a hostile work environment under Title VII. Please proceed to Question 5.)**

5.    Has Ms. Hussey proven by a preponderance of the evidence that the School is liable because:

a.    Your finding on Question 2 is based upon Atkins' and/or Noyes' harassment and the School, by its negligence, caused Ms. Hussey to be exposed to a hostile work environment, where management level employees of the School either knew or should have known of Atkins' and/or Noyes' harassment and management level employees of the School failed to take prompt and appropriate action?

Yes _____    No _____

b.    Your finding on Question 2 is based upon Bowes' harassment and Bowes, when harassing Ms. Hussey, was acting in his capacity as the School's trustee and Bowes was Ms. Hussey's supervisor under Title VII?

Yes _____    No _____

c.    Your finding on Question 2 is based upon Bowes' harassment and Bowes, when harassing Ms. Hussey, was not acting in his capacity as the School's trustee or was not Ms. Hussey's supervisor under Title VII, however, the School, by its negligence, caused Ms. Hussey to be exposed to a hostile work environment, where management level employees of the School either knew or should have known of Bowes' harassment and management level employees of the School failed to take prompt and appropriate remedial action?

Yes _____    No _____

3

(If your answer to any of the above questions, 5(a) through 5(c), is "Yes," you have found the School liable for sexual harassment creating a hostile work environment under Title VII. If your answer to all of the above questions, 5(a) through 5(c), is "No," you have not found the School liable for sexual harassment creating a hostile work environment under Title VII.)

(If you have found one or more defendants liable for sexual harassment creating a hostile work environment under Title VII based on your answers above to Questions 2 through 5, you should consider damages, starting with Question 6. You may not assess damages below in Questions 6 through 9 against any defendant that you did not find liable based upon your answers above to Questions 2 through 5.

If you have not found any defendant liable for sexual harassment creating a hostile work environment under Title VII based on your answers above to Question 2 through 5, you should proceed to Ms. Hussey's claim of gender discrimination under Title VII, starting with Question 10.)

<u>3. Damages</u>

6.     What amount of compensatory damages, if any, do you award to Ms. Hussey for <u>emotional distress</u> caused by sexual harassment creating a hostile work environment in violation of Title VII?

Amount in words: _____

Amount in numbers: _____

**(Proceed to Question 7.)**

7.     What portions, if any, of the amount above in Question 6 do you find are causally attributable to East Coast Slurry, the Union, and/or the School? Any amounts in Questions 7(a) through 7(c) below should add up to the amount above in Question 6.

      a.     East Coast Slurry

      Amount in words: _____

      Amount in numbers: _____

      b.     The Union

      Amount in words: _____

      Amount in numbers: _____

      c.     The School

      Amount in words: _____

Amount in numbers: _____

**(Proceed to Question 8.)**

8.      What amount of <u>punitive</u> damages, if any, do you award to Ms. Hussey for sexual harassment creating a hostile work environment in violation of Title VII?

Amount in words: _____

Amount in numbers: _____

**(Proceed to Question 9.)**

9.      What portions, if any, of the amount above in Question 8 do you find are casually attributable to East Coast Slurry, the Union, and/or the School? Any amounts in Questions 9(a) through 9(c) below should add up to the amount above in Question 8.

      a.      East Coast Slurry

      Amount in words: _____

      Amount in numbers: _____

      b.      The Union

      Amount in words: _____

      Amount in numbers: _____

      c.      The School

      Amount in words: _____

      Amount in numbers: _____

**(Proceed to Question 10.)**

<u>B. Discrimination</u>

<u>1. Elements</u>

10.      Has Ms. Hussey proven by a preponderance of the evidence that she is a woman; she was qualified for her position; <u>East Coast Slurry</u> took an adverse employment action against her; and East Coast Slurry did so because she is a woman?

Yes _____      No _____X_____

5

(If your answer to Question 10 is "Yes," you have found East Coast Slurry liable for gender discrimination under Title VII. If your answer to Question 10 is "No," you have not found East Coat Slurry liable for gender discrimination under Title VII. Please proceed to Question 11.)

11.    Has Ms. Hussey proven by a preponderance of the evidence that she is a woman; she was qualified for enrollment; the Union took an adverse enrollment action against her; and the Union did so because she is a woman?

Yes _____        No __ ✗ ____

(If your answer to Question 11 is "Yes," you have found the Union liable for gender discrimination under Title VII. If your answer to Question 11 is "No," you have not found the Union liable for gender discrimination under Title VII. Please proceed to Question 12.)

12.    Has Ms. Hussey proven by a preponderance of the evidence that she is a woman; she was qualified for enrollment; the School took an adverse enrollment action against her; and the School did so because she is a woman?

Yes _____        No __ ✗ ____

(If you answer to Question 12 is "Yes," you have found the School liable for gender discrimination under Title VII. If your answer to Question 12 is "No," you have not found the School liable for gender discrimination under Title VII.)

(If you have found one or more defendants liable for gender discrimination under Title VII based on your answers above to Questions 10 through 12, you should consider damages, starting with Question 13. You may not assess damages below in Questions 13 through 18 against any defendant that you did not find liable based upon your answers above to Questions 10 through 12.

If you have not found any defendant liable for gender discrimination under Title VII based on your answers above to Question 10 through 12, you should proceed to Ms. Hussey's claim of retaliation under Title VII, starting with Question 19.)

### 2. Damages

13.    What amount of compensatory damages, if any, do you award to Ms. Hussey for emotional distress caused by gender discrimination in violation of Title VII?

Amount in words: _____

Amount in numbers: _____

**(Proceed to Question 14.)**

6

14.     What portions, if any, of the amount above in Question 13 do you find are causally attributable to East Coast Slurry, the Union, and/or the School? Any amounts in Questions 14(a) through 14(c) below should add up to the amount above in Question 13.

      a.     East Coast Slurry

Amount in words: _____

Amount in numbers: _____

      b.     The Union

Amount in words: _____

Amount in numbers: _____

      c.     The School

Amount in words: _____

Amount in numbers: _____

**(Proceed to Question 15.)**

15.     What amount of compensatory damages, if any, do you award to Ms. Hussey for <u>lost pay</u> (i.e. back pay) caused by gender discrimination in violation of Title VII?

Amount in words: _____

Amount in numbers: _____

**(Proceed to Question 16.)**

16.     What portions, if any, of the amount above in Question 15 do you find are causally attributable to East Coast Slurry, the Union, and/or the School? Any amounts in Questions 16(a) through 16(c) below should add up to the amount above in Question 15.

      a.     East Coast Slurry

Amount in words: _____

Amount in numbers: _____

      b.     The Union

Amount in words: _____

7

Amount in numbers: _____

c.    The School

Amount in words: _____

Amount in numbers: _____

**(Proceed to Question 17.)**

17.    What amount of <u>punitive damages</u>, if any, do you award to Ms. Hussey for gender discrimination in violation of Title VII?

Amount in words: _____

Amount in numbers: _____

**(Proceed to Question 18.)**

18.    What portions, if any, of the amount above in Question 17 do you find are casually attributable to East Coast Slurry, the Union, and/or the School? Any amounts in Questions 18(a) through 18(c) below should add up to the amount above in Question 17.

a.    East Coast Slurry

Amount in words: _____

Amount in numbers: _____

b.    The Union

Amount in words: _____

Amount in numbers: _____

c.    The School

Amount in words: _____

Amount in numbers: _____

**(Proceed to Question 19.)**

<u>C. Retaliation</u>

19.    Has Ms. Hussey proven by a preponderance of the evidence that she reasonably and in

good faith believed she was subjected to sexual harassment creating a hostile work environment or gender discrimination; that she engaged in legally protected conduct; that <u>East Coast Slurry</u> took a materially adverse action; and that, but for her legally protected conduct, East Coast Slurry would not have taken adverse action against her?

Yes _____    No __✗_____

**(If your answer to Question 19 is "Yes," you have found East Coast Slurry liable for retaliation under Title VII. If your answer to Question 19 is "No," you have not found East Coast Slurry liable for retaliation under Title VII. Please proceed to Question 20.)**

20.    Has Ms. Hussey proven by a preponderance of the evidence that she reasonably and in good faith believed she was subjected to sexual harassment creating a hostile work environment or gender discrimination; that she engaged in legally protected conduct; that <u>the Union</u> took a materially adverse action; and that, but for her legally protected conduct, the Union would not have taken adverse action against her?

Yes _____    No __✗_____

**(If your answer to Question 20 is "Yes," you have found the Union liable for retaliation under Title VII. If your answer to Question 20 is "No," you have not found the Union liable for retaliation under Title VII. Please proceed to Question 21.)**

21.    Has Ms. Hussey proven by a preponderance of the evidence that she reasonably and in good faith believed that she was subjected to sexual harassment creating a hostile work environment or gender discrimination; that she engaged in legally protected conduct; that <u>the School</u> took a materially adverse action; and that, but for her legally protected conduct, the School would not have taken adverse action against her?

Yes _____    No __✗_____

**(If your answer to Question 21 is "Yes," you have found the School liable for retaliation under Title VII. If your answer to Question 21 is "No," you have not found the School liable for retaliation under Title VII.)**

**(If you have found one or more defendants liable for retaliation under Title VII based on your answers above to Questions 19 through 21, you should consider damages, starting with Question 22. You may not assess damages below in Questions 22 through 27 against any defendant that you did not find liable based upon your answers above to Questions 19 through 21.**

**If you have not found any defendant liable for retaliation under Title VII based on your answers above to Question 19 through 21, you should proceed to Ms. Hussey's Chapter 151B claims against East Coast Slurry, starting with Question 28.)**

## Damages

22.    What amount of compensatory damages, if any, do you award to Ms. Hussey for <u>emotional distress</u> caused by retaliation in violation of Title VII?

Amount in words: _____

Amount in numbers: _____

**(Proceed to Question 23.)**

23.    What portions, if any, of the amount above in Question 22 do you find are causally attributable to East Coast Slurry, the Union, and/or the School? Any amounts in Questions 23(a) through 23(c) below should add up to the amount above in Question 22.

      a.     East Coast Slurry

      Amount in words: _____

      Amount in numbers: _____

      b.     The Union

      Amount in words: _____

      Amount in numbers: _____

      c.     The School

      Amount in words: _____

      Amount in numbers: _____

**(Proceed to Question 24.)**

24.    What amount of compensatory damages, if any, do you award to Ms. Hussey for <u>lost pay</u> (i.e. back pay) caused by retaliation in violation of Title VII?

Amount in words: _____

Amount in numbers: _____

**(Proceed to Question 25.)**

25.    What portions, if any, of the amount above in Question 24 do you find are causally attributable to East Coast Slurry, the Union, and/or the School? Any amounts in Questions 25(a)

10

through 25(c) below should add up to the amount above in Question 24.

    a.    East Coast Slurry

Amount in words: _____

Amount in numbers: _____

    b.    The Union

Amount in words: _____

Amount in numbers: _____

    c.    The School

Amount in words: _____

Amount in numbers: _____

**(Proceed to Question 26.)**

26.    What amount of <u>punitive damages</u>, if any, do you award to Ms. Hussey for retaliation in violation of Title VII?

Amount in words: _____

Amount in numbers: _____

**(Proceed to Question 27.)**

27.    What portions, if any, of the amount above in Question 26 do you find are casually attributable to East Coast Slurry, the Union, and/or the School? Any amounts in Questions 27(a) through 27(c) below should add up to the amount above in Question 26.

    a.    East Coast Slurry

Amount in words: _____

Amount in numbers: _____

    b.    The Union

Amount in words: _____

Amount in numbers: _____

c.    The School

Amount in words: _____

Amount in numbers: _____

**(Proceed to Question 28.)**

II. Chapter 151B Claims against East Coast Slurry

A. Hostile Work Environment

1. Statute of Limitations

28.    Has Ms. Hussey proven by a preponderance of the evidence that the continuing violation doctrine applies to her claim of sexual harassment creating a hostile work environment under Chapter 151B?

Yes _____    No ___X___

**(If your answer to Question 28 is "Yes," please proceed to Question 29. If your answer to Question 28 is "No," you have reached your verdict on Ms. Hussey's claim of sexual harassment creating a hostile work environment under Chapter 151B against East Coast Slurry, and you should proceed to her claim of gender discrimination under Chapter 151B against East Coast Slurry, starting with Question 33.)**

2. Elements

29.    Has Ms. Hussey proven by a preponderance of the evidence that she was subjected to unwelcome harassment; that the harassment was sexual in nature; that the harassment was both subjectively and objectively offensive, such that a reasonable person would find it hostile or abusive and she did in fact perceive it to be so; and, that the harassment was sufficiently severe or pervasive so as to alter the conditions of her employment and create an abusive working environment?

Yes _____    No _____

**(If your answer to Question 29 is "Yes," please proceed to Question 30. If your answer to Question 29 is "No," you have reached your verdict on Ms. Hussey's claim of sexual harassment creating a hostile work environment under Chapter 151B against East Coast Slurry, and you should proceed to her claim of gender discrimination under Chapter 151B against East Coast Slurry, starting with Question 33.)**

30.    Has Ms. Hussey proven by a preponderance of the evidence that East Coast Slurry is liable for sexual harassment creating a hostile work environment under Chapter 151B because East Coast Slurry, by its negligence, caused Ms. Hussey to be exposed to a hostile work environment, where

12

management level employees of East Coast Slurry either knew or should have known of the harassment underlying your finding on Question 29 (whether that harassment was by Bobby Atkins, Henry Noyes, or Michael Bowes) and management level employees of East Coast Slurry failed to take prompt and appropriate remedial action?

Yes _____    No _____

**(If your answer to Question 30 is "Yes," you have found East Coast Slurry liable for sexual harassment creating a hostile work environment under Chapter 151B, and you should consider damages, starting with Question 31. If your answer to Question 30 is "No," you have not found East Coast Slurry liable, and you should proceed to Ms. Hussey's claim of gender discrimination under Chapter 151B against East Coast Slurry, starting with Question 33.)**

### 3. Damages

31.    What amount of compensatory damages, if any, do you award to Ms. Hussey for <u>emotional distress</u> caused by East Coast Slurry's allowance of sexual harassment creating a hostile work environment in violation of Chapter 151B?

Amount in words: _____

Amount in numbers: _____

**(Proceed to Question 32.)**

32.    What amount of <u>punitive damages</u>, if any, do you award to Ms. Hussey for East Coast Slurry's allowance of sexual harassment creating a hostile work environment in violation of Chapter 151B?

Amount in words: _____

Amount in numbers: _____

**(Proceed to Question 33.)**

### B. Discrimination

### 1. Elements

33.    Has Ms. Hussey proven by a preponderance of the evidence that she is a woman; she was qualified for her position; <u>East Coast Slurry</u> took an adverse employment action against her; and East Coast Slurry did so because she is a woman?

Yes _____    No __✗__

**(If your answer to Question 33 is "Yes," you have found East Coast Slurry liable for gender**

13

discrimination under Chapter 151B, and you should consider damages, starting with Question 34. If your answer to Question 33 is "No," you have not found East Coast Slurry liable, and you should proceed to Ms. Hussey's claim of retaliation under Chapter 151B against East Coast Slurry, starting with Question 38.)

<u>2. Damages</u>

34.    What amount of compensatory damages, if any, do you award to Ms. Hussey for <u>emotional distress</u> caused by East Coast Slurry's gender discrimination in violation of Chapter 151B?

Amount in words: _____

Amount in numbers: _____

**(Proceed to Question 35.)**

35.    What amount of compensatory damages, if any, do you award to Ms. Hussey for <u>lost pay</u> (i.e. back pay) caused by East Coast Slurry's gender discrimination in violation of Chapter 151B?

Amount in words: _____

Amount in numbers: _____

**(Proceed to Question 36.)**

36.    What amount of compensatory damages, if any, do you award to Ms. Hussey for <u>lost future pay and benefits</u> (i.e. front pay) caused by East Coast Slurry's gender discrimination in violation of Chapter 151B?

Amount in words: _____

Amount in numbers: _____

**(Proceed to Question 37.)**

37.    What amount of <u>punitive damages,</u> if any, do you award to Ms. Hussey for East Coast Slurry's gender discrimination in violation of Chapter 151B?

Amount in words: _____

Amount in numbers: _____

**(Proceed to Question 38.)**

14

## C. Retaliation

### 1. Elements

38.    Has Ms. Hussey proven by a preponderance of the evidence that she reasonably and in good faith believed that she was subjected to sexual harassment creating a hostile work environment or gender discrimination; that she engaged in legally protected conduct; that East Coast Slurry took a materially adverse action; and that, but for her legally protected conduct, East Coast Slurry would not have taken adverse action against her?

Yes _____        No ____✗____

**(If your answer to Question 38 is "Yes," you have found East Coast Slurry liable for retaliation under Chapter 151B, and you should consider damages, starting with Question 39. If your answer to Question 38 is "No," you have not found East Coast Slurry liable, and you should proceed to Ms. Hussey's claims under Chapter 151B against the School, starting with Question 43.)**

### 2. Damages

39.    What amount of compensatory damages, if any, do you award to Ms. Hussey for emotional distress caused by East Coast Slurry's retaliation in violation of Chapter 151B?

Amount in words: _____

Amount in numbers: _____

**(Proceed to Question 40.)**

40.    What amount of compensatory damages, if any, do you award to Ms. Hussey for lost pay (i.e. back pay) caused by East Coast Slurry's retaliation in violation of Chapter 151B?

Amount in words: _____

Amount in numbers: _____

**(Proceed to Question 41.)**

41.    What amount of compensatory damages, if any, do you award to Ms. Hussey for lost future pay and benefits (i.e. front pay) caused by East Coast Slurry's retaliation in violation of Chapter 151B?

Amount in words: _____

Amount in numbers: _____

15

**(Proceed to Question 42.)**

42.     What amount of <u>punitive damages</u>, if any, do you award to Ms. Hussey for East Coast Slurry's retaliation in violation of Chapter 151B?

Amount in words: _____

Amount in numbers: _____

**(Proceed to Question 43.)**

<u>III. Chapter 151B Claims against the School</u>

<u>A. Interference - Sexual Harassment</u>

<u>1. Statute of Limitations</u>

43.     Has Ms. Hussey proven by a preponderance of the evidence that the continuing violation doctrine applies to her claim for interference with the right to enjoy a workplace free from sexual harassment under Chapter 151B?

Yes _____          No ___✕_____

**(If your answer to Question 43 is "Yes," please proceed to Question 44. If your answer to Question 43 is "No," you have reached your verdict on Ms. Hussey's claim of interference with the right to enjoy a workplace free from sexual harassment under Chapter 151B against the School, and you should proceed to her claim of interference with the right to enjoy a workplace free from gender discrimination, starting with Question 51.)**

<u>2. Elements</u>

44.     Has Ms. Hussey proven by a preponderance of the evidence that she was subjected to unwelcome harassment; that the harassment was sexual in nature; that the harassment was both subjectively and objectively offensive, such that a reasonable person would find it hostile or abusive and she did in fact perceive it to be so; and, that the harassment was sufficiently severe or pervasive so as to alter the conditions of her employment and create an abusive working environment?

Yes _____          No _____

**(If your answer to Question 44 is "Yes," please proceed to Question 45. If your answer to Question 44 is "No," you have reached your verdict on Ms. Hussey's claim of interference with the right to enjoy a workplace free from sexual harassment under Chapter 151B against the School, and you should proceed to her claim of interference with the right to enjoy a workplace free from gender discrimination, starting with Question 51.)**

16

45.    Has Ms. Hussey proven by a preponderance of the evidence that the School is liable because:

a.    Your finding on Question 44 is based upon Atkins' and/or Noyes' harassment and the School, by its negligence, caused Ms. Hussey to be exposed to a hostile work environment, where management level employees of the School either knew or should have known of Atkins' and/or Noyes' harassment and management level employees of the School failed to take prompt and appropriate action?

Yes _____    No _____

b.    Your finding on Question 44 is based upon Bowes' harassment and Bowes, when harassing Ms. Hussey, was acting in his capacity as the School's trustee and Bowes was a supervisor under Chapter 151B?

Yes _____    No _____

c.    Your finding on Question 44 is based upon Bowes' harassment and Bowes, when harassing Ms. Hussey, was not acting in his capacity as the School's trustee or was not a supervisor under Chapter 151B, however, the School, by its negligence, caused Ms. Hussey to be exposed to a hostile work environment, where management level employees of the School either knew or should have known of Bowes' harassment and management level employees of the School failed to take prompt and appropriate remedial action?

Yes _____    No _____

**(If your answer to any of the above questions, 45(a) through 45(c), is "Yes," please proceed to Question 46. If your answer to all of the above questions, 45(a) through 45(c), is "No," you have not found the School liable on Ms. Hussey's claim of interference with the right to enjoy a workplace free from sexual harassment under Chapter 151B, and you should proceed to her claim of interference with the right to enjoy a workplace free from gender discrimination, starting with Question 51.)**

46.    Has Ms. Hussey proven by a preponderance of the evidence that the School's interference with her right to enjoy a workplace free from sexual harassment was intentional?

Yes _____    No _____

**(If your answer to Question 46 is "Yes," you have found the School liable on Ms. Hussey's claim of interference with the right to enjoy a workplace free from sexual harassment under Chapter 151B, and should consider damages, starting with Question 47. If your answer to Question 46 is "No," you have not found the School liable on Ms. Hussey's claim, and you should proceed to consider her claim of interference with the right to enjoy a workplace free from gender discrimination, starting with Question 51.)**

17

### 3. Damages

47.     What amount of compensatory damages, if any, do you award to Ms. Hussey for <u>emotional distress</u> caused by the School's interference with her right to enjoy a workplace free from sexual harassment in violation of Chapter 151B?

Amount in words: _____

Amount in numbers: _____

**(Proceed to Question 48.)**

48.     What amount of compensatory damages, if any, do you award to Ms. Hussey for <u>lost pay</u> (i.e. back pay) caused by the School's interference with her right to enjoy a workplace free from sexual harassment in violation of Chapter 151B?

Amount in words: _____

Amount in numbers: _____

**(Proceed to Question 49.)**

49.     What amount of compensatory damages, if any, do you award to Ms. Hussey for <u>lost future pay and benefits</u> (i.e. front pay) caused by the School's interference with her right to enjoy a workplace free from sexual harassment in violation of Chapter 151B?

Amount in words: _____

Amount in numbers: _____

**(Proceed to Question 50.)**

50.     What amount of <u>punitive damages,</u> if any, do you award to Ms. Hussey for the School's interference with her right to enjoy a workplace free from sexual harassment in violation of Chapter 151B?

Amount in words: _____

Amount in numbers: _____

**(Proceed to Question 51.)**

B. Interference - Gender Discrimination

1. Elements

51.    Has Ms. Hussey proven by a preponderance of the evidence that she is a woman; she was qualified for enrollment; the School took an adverse enrollment action against her; and, the School did so because she is a woman?

Yes _____    No ___X_____

**(If your answer to Question 51 is "Yes," please proceed to Question 52. If your answer to Question 51 is "No," you have not found the School liable on Ms. Hussey's claim of interference with the right to enjoy a workplace free from gender discrimination under Chapter 151B, and you should proceed to her claim of retaliation, starting with Question 57.)**

52.    Has Ms. Hussey proven by a preponderance of the evidence that the School's interference with her right to enjoy a workplace free from gender discrimination was intentional?

Yes _____    No _____

**(If your answer to Question 52 is "Yes," you have found the School liable on Ms. Hussey's claim of interference with the right to enjoy a workplace free from gender discrimination under Chapter 151B, and should consider damages, starting with Question 53. If your answer to Question 52 is "No," you have not found the School liable on Ms. Hussey's claim, and you should proceed her claim of retaliation, starting with Question 57.)**

2. Damages

53.    What amount of compensatory damages, if any, do you award to Ms. Hussey for emotional distress caused by the School's interference with her right to enjoy a workplace free from gender discrimination in violation of Chapter 151B?

Amount in words: _____

Amount in numbers: _____

**(Proceed to Question 54.)**

54.    What amount of compensatory damages, if any, do you award to Ms. Hussey for lost pay (i.e. back pay) caused by the School's interference with her right to enjoy a workplace free from gender discrimination in violation of Chapter 151B?

Amount in words: _____

Amount in numbers: _____

19

**(Proceed to Question 55.)**

55.    What amount of compensatory damages, if any, do you award to Ms. Hussey for <u>lost future pay and benefits</u> (i.e. front pay) caused by the School's interference with her right to enjoy a workplace free from gender discrimination in violation of Chapter 151B?

Amount in words: _____

Amount in numbers: _____

**(Proceed to Question 56.)**

56.    What amount of <u>punitive damages,</u> if any, do you award to Ms. Hussey for the School's interference with her right to enjoy a workplace free from gender discrimination in violation of Chapter 151B?

Amount in words: _____

Amount in numbers: _____

**(Proceed to Question 57.)**

### C. Retaliation

#### 1. Elements

57.    Has Ms. Hussey proven by a preponderance of the evidence that she reasonably and in good faith believed that she was subjected to sexual harassment creating a hostile work environment or gender discrimination; that she engaged in legally protected conduct; that <u>the School</u> took a materially adverse action; and that, but for her legally protected conduct, the School would not have taken adverse action against her?

Yes _____        No __X____

**(If your answer to Question 57 is "Yes," you have found the School liable on Ms. Hussey's claim of retaliation under Chapter 151B, and should consider damages, starting with Question 58. If your answer to Question 57 is "No," you have not found the School liable on Ms. Hussey's claim, and you have no further questions to answer.)**

#### 2. Damages

58.    What amount of compensatory damages, if any, do you award to Ms. Hussey for <u>emotional distress</u> caused by the School's retaliation in violation of Chapter 151B?

Amount in words: _____

20

Amount in numbers: _____

**(Proceed to Question 59.)**

59.    What amount of compensatory damages, if any, do you award to Ms. Hussey for <u>lost pay</u> (i.e. back pay) caused by the School's retaliation in violation of Chapter 151B?

Amount in words: _____

Amount in numbers: _____

**(Proceed to Question 60.)**

60.    What amount of compensatory damages, if any, do you award to Ms. Hussey for <u>lost future pay and benefits</u> (i.e. front pay) caused by the School's retaliation in violation of Chapter 151B?

Amount in words: _____

Amount in numbers: _____

**(Proceed to Question 61.)**

61.    What amount of <u>punitive damages,</u> if any, do you award to Ms. Hussey for the School's retaliation in violation of Chapter 151B?

Amount in words: _____

Amount in numbers: _____

**The undersigned foreperson of the jury hereby certifies that the members of the jury agree to the above findings.**

**FOREPERSON'S SIGNATURE:** _Shannon DelVecelia_

**DATE:** _3|21|2023_

21